### GEORGE JENKINS v. D. D. GOODAKER, ET AL.

**Real Estate—Boundary Line—Depositions.**

Depositions taken by one party in a former cause between the same parties, in which title to the same land was involved may be read in evidence by the other party.

APPEAL FROM CALDWELL CIRCUIT COURT.

December 12, 1874.

Opinion by Judge Cofer:

While there is uncertainty as to the true location of the appellee's lines, we think the evidence preponderates in their favor, and certainly there is no such preponderance against them as would warrant this court in reversing the judgment of the court, which is certainly entitled to as much consideration as the verdict of a jury.

The depositions read by appellees were taken by the appellant in his own behalf, in a former suit between the same parties, in which the appellees' title to the land now in controversy was involved, and were competent evidence. In that suit the appellees were compelled to make out title in order to recover, and as appellant disputed the title alone on the ground that their boundary did not include the land in contest, the controversy was practically the same in both cases, and while the judgment may not be an estoppel, it is evidence of a very high character against the appellant to prove that appellees' boundary includes the land in dispute. In that case appellees had no right to an injunction, except the court was of opinion on the facts that their boundary embraced the land, and so the judgment perpetuating the injunction was an express determination that it did embrace it.

It seems to us that the judgment was clearly right, and it is *affirmed.*

*G. W..Duvall, for appellant.*
*P. H. Darby, for appellees.*